# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-24-276-D |
| ) | |
| BRYAN JOSHUA TEWANEMA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the United States' Rule 404(b) Notice and Motion in Limine [Doc. No. 17]. Defendant filed a response [Doc. No. 29], and the matter is fully briefed and at issue.

## BACKGROUND

Defendant was charged in a one-count Indictment [Doc. No. 1] with possession of a prohibited object, in violation of 18 U.S.C. § 1791(a)(2). It is alleged that, on or about May 29, 2024, while in custody at the Federal Transfer Center in Oklahoma City, Oklahoma, Defendant possessed a weapon and an object designed and intended to be used as a weapon.

In its 404(b) notice and motion in limine, the government seeks pretrial rulings on the admissibility of evidence related to other infractions committed by Defendant while in BOP custody. Specifically, the government intends to introduce: 1) a BOP disciplinary log, which reflects three prior instances of Defendant "possessing a dangerous weapon"; and 2) the three underlying incident reports. For its motion in limine, the United States seeks to

1

exclude any evidence related to other punishments or consequences imposed for Defendant's previous infractions.

## DISCUSSION

Motions in limine are not formally recognized under the Federal Rules; however, district courts have long recognized the potential utility of pretrial rulings under the courts' inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1218 (D. Kan. Apr. 10, 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

Although such pretrial rulings can save time and avoid interruptions at trial, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is 'inadmissible on all potential grounds' … and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Wilkins*, 487 F.Supp.2d at 1218-19 (citations omitted). Some in limine rulings are preliminary in nature because the required balancing may be reassessed as the evidence is actually presented. Accordingly, a "district court 'may change its ruling at any time for whatever reason it deems appropriate.'" *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)).

**I.     Rule 404(b)**

Under Rule 404(b) of the Federal Rules of Evidence, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). It may, however, be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). "The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686 (1988). In determining whether evidence is admissible under Rule 404(b), courts address the following four factors:

> (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court must give a proper limiting instruction, if it is requested by the defendant.

*United States v. Moran*, 503 F.3d 1135, 1143-44 (10th Cir. 2007) (citing *Huddleston*, 485 U.S. at 691-92).

    **a.     Proper Purpose**

"Evidence is admitted for a proper purpose if allowed for one or more of the enumerated purposes in Rule 404(b)." *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006). "[I]f the other act evidence is relevant and tends to prove a material fact other than the defendant's criminal disposition, it is offered for a proper purpose under Rule 404(b) and

3

may be excluded only under Rule 403." *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001).

Here, the government seeks to introduce evidence of Defendant's previous instances of possessing a dangerous weapon to prove Defendant's intent, knowledge, lack of mistake, and lack of accident related to the charged offense of possession of a prohibited object. The government contends that "[g]iven his disciplinary history as detailed in the incident reports, there can be no question that Defendant knew his specific conduct in this case was prohibited and that he intended to possess the weapon." [Doc. No. 17, at 5]. The Court finds that the government has sufficiently shown that it offers the evidence of Defendant's previous infractions not to show his criminal disposition, but rather to show that the charged offense in this case was not unknowing or accidental. Thus, the Court finds that the BOP disciplinary log and incident reports are being offered for a proper purpose.

### b. Relevance

The Tenth Circuit has "recognized the probative value of uncharged acts to show motive, intent, and knowledge … as long as the uncharged acts are similar to the charged crime and sufficiently close in time." *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000). "The more similar the act or state of mind is to the charged crime, the more relevant it becomes." *Zamora*, 222 F.3d at 762.

The Court finds that the BOP disciplinary log and incident reports are highly relevant to the ultimate questions of intent and knowledge in relation to Count 1 of the Indictment –

possession of a prohibited object.[1] As reflected in the BOP incident reports, Defendant's three previous infractions for "possessing a dangerous weapon" while in BOP custody are significantly similar to the charged crime in this case. The first incident, in October of 2020, involved the reporting employee conducting a search of Defendant's cell and discovering "a weapon measured approximately 7 inches in length and … made out of thin steel that had been highly sharp[en]ed" with "thin strips of brown cloth wrapped around one end to be used as a handle." [Doc. No. 17-2, at 3]. Less than two years later, a reporting employee stated that Defendant attempted to hide "one altered piece of melted plastic that contained one sharpened end [and] was approximately 6 inches in length" with cloth wrapped around one end for a handle. [Doc. No. 17-2, at 2]. Finally, on April 8, 2024, a reporting employee conducted a pat search of Defendant and reported discovering "one hardened plastic prison-made weapon measuring approximately 6 inches in length and sharpened to a point." [Doc. No. 17-2, at 1]. Further, the three similar incidents are sufficiently close in time to the charged conduct; Defendant was cited for possessing a dangerous weapon three times over a period of 3.5 years, with the most recent infraction occurring 43 days before the conduct alleged in this case. For these reasons, the Court finds that the BOP disciplinary log and incident reports are relevant to show Defendant's intent, knowledge, lack of mistake, and lack of accident related to his alleged possession of the prohibited object.

    c.    **Rule 403**

The third factor dictates that the evidence's "probative value must not be substantially

---

[1] The relevant statute defines "prohibited object" as including "a weapon … or an object that is designed or intended to be used as a weapon[.]" 18 U.S.C. § 1791(d)(1)(B).

5

outweighed by its potential for unfair prejudice under Rule 403." *Moran*, 503 F.3d at 1143-44; *see also* FED. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Evidence is unfairly prejudicial when it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (citation omitted).

Here, the three prior acts are probative of Defendant's knowledge and intent to commit the charged offense of possessing a prohibited object; specifically, a weapon or an object that was designed or intended to be used as a weapon. As stated above, the incident reports also tend to show that Defendant's alleged possession in this case was not accidental or mistaken. The Court finds that this probative value is not substantially outweighed by a danger of unfair prejudice. *See Caraway*, 534 F.3d at 1301 ("Evidence is not unfairly prejudicial simply because it is damaging to [a party's] case."). Contrary to Defendant's assertion that the evidence is being offered only to show Defendant's criminal disposition and "to excite the passions of a jury," the Court finds that the prior incidents have significant probative value and that any risk of undue prejudice can be lessened with redactions[2] and a proper limiting instruction.

---

[2] To that end, the government shall prepare a copy of the BOP disciplinary log that redacts all information related to infractions other than the three prior instances of possession of a dangerous weapon.

### d. Limiting Instruction

The final factor requires the Court to give a limiting instruction if requested by Defendant. The government does not oppose a limiting instruction for any evidence admitted under Rule 404(b). Accordingly, the parties may submit proposed limiting instructions for the Court's consideration.

For these reasons, the Court finds that the BOP disciplinary log and incident reports are admissible under Rule 404(b).

## II. Rule 803(6)

The government seeks to admit the BOP disciplinary log and incident reports under FED. R. EVID. 803(6), which contains a hearsay exception for business records of a regularly conducted activity. To satisfy the exception, the offered business records must: "(1) have been prepared in the normal course of business; (2) have been made at or near the time of the events recorded; (3) be based on the personal knowledge of the entrant or of a person who had a business duty to transmit the information to the entrant; and (4) indicate the sources, methods and circumstances by which the record was made were trustworthy." *United States v. Ary*, 518 F.3d 775, 786 (10th Cir. 2008); *see also* FED. R. EVID. 803(6)(A)-(E). Of course, "[t]he proponent of the document must also lay this foundation for its admission." *Ary*, 518 F.3d at 786.

The Court finds that the BOP disciplinary log and incident reports are excepted from the hearsay rule under the business records exception. As asserted by the government, the disciplinary log and incident reports are prepared by correctional officers as offenses occur and administrative proceedings are scheduled. The documents are kept and maintained by

7

the BOP "for the purpose of adjusting an inmate's custody or supervision level as necessary as part of BOP operations." [Doc. No. 17, at 4]. The Court finds that the disciplinary log and incident reports are created in the normal course of the prison's operations.

The disciplinary log and incident reports are also created at or near the time of the events recorded. Although Defendant contends that the dates of the incidents differ from the dates on the disciplinary log, the date discrepancies raised by Defendant reflect the timing of the disciplinary hearings, not delays between the incidents and the incident reports. Upon review of the three incident reports, each report appears to have been drafted one to three hours after the reporting employee discovered a weapon on Defendant's person or in his cell [Doc. No. 17-2]. Thus, the hearing dates reflected on the disciplinary log do not undermine the reliability of the incident reports.

Next, it is clear from each incident report that it was drafted by a reporting employee – an individual with firsthand knowledge of the reported incident – while under a business duty to report the same. On this point, Defendant argues that "only the disciplinary hearing officer's incident report[s] have been provided," and that the "[o]riginal incident reports have not been provided." [Doc. No. 29, at 4]. However, this seems to be incorrect. The incident reports attached to the government's 404(b) notice appear to be the original incident reports, drafted by the reporting officers. It is the Court's understanding that the government is not seeking to introduce any hearing officer's incident reports, which would likely involve layered hearsay concerns if those reports included statements from other inmate witnesses. Here, the incident reports are "based on the personal knowledge of the entrant" for purposes of Rule 803(6). Finally, with respect to both the disciplinary log and incident reports,

8

Defendant has not shown that the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness.[3]

### III. Government's Motion in Limine

Finally, the government seeks categorical exclusion of "any evidence that [Defendant] was punished or subject to other consequences because of his disciplinary infractions." [Doc. No. 17, at 6]. The only case cited by the government analyzed "whether prison disciplinary proceedings are criminal sanctions for purposes of double jeopardy analysis," not the admissibility of punishments imposed via a prison's disciplinary system for incidents similar to charged conduct. *See Porter v. Coughlin*, 421 F.3d 141, 146 (2d. Cir. 2005). Without the benefit of the context at trial, the Court finds it would be premature to categorically limit all evidence of Defendant's punishments for previous infractions. Accordingly, a ruling on the government's motion in limine is reserved until the appropriate time during trial.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the United States' Rule 404(b) Notice and Motion in Limine [Doc. No. 17] is **GRANTED in part** and **RESERVED in part**, as set forth herein. This Order does not preclude either party from asserting specific, contemporaneous objections at trial, which will be addressed outside the hearing of the jury.

---

[3] As previously stated, this preliminary ruling is subject to the government laying a proper foundation at trial for the BOP disciplinary log and incident reports.

9

**IT IS FURTHER ORDERED** that any proposed limiting instructions shall be submitted on or before 12:00 p.m. on December 3, 2024.

**IT IS SO ORDERED** this 2nd day of December, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge